UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AARON LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-986-MHT |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f) and the Court's Rule 26(F) Order of December 5, 2006, a conference was held on December 20, 2006 and was attended by:

    Heather K. McDevitt for plaintiff Aaron Lee Jones; and

    James W. Davis for defendants Richard Allen and Grantt Culliver.

2. Pre-Discovery Disclosures.

    The parties will exchange by January 9, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan.

    The parties jointly propose to the court the following discovery plan.

    Plaintiff believes that discovery will be needed on subjects including, but not limited to:

    - lethal injection execution protocols, procedures, policies and guidelines used or evaluated by Alabama, whether current or past, including without limitation discovery concerning the development of such protocols, procedures, policies and guidelines;

    - consideration of alternatives to Alabama's current lethal injection protocols, procedures, policies and guidelines;

    - the qualifications, training and expertise of personnel involved in carrying out Alabama's executions by lethal injection;

    - the drugs administered during execution by lethal injection in Alabama, including without limitation discovery concerning the scientific effect in general on persons and animals of the sequence and dosage of drugs used in lethal injections, including the effect, separately and in combination, of each drug used in lethal injections;

- the actual administration and conduct of executions by lethal injection in Alabama, including without limitation discovery of: (i) official witnesses and media witnesses to executions by lethal injection, (ii) the exact composition of every injection of every person executed by lethal injection, and (iii) all reports, studies, evaluations and analysis of executions by lethal injection, including autopsy and forensic reports for every execution by lethal injection; and

- prison examinations and records of plaintiff's physical and mental health.

Defendants do not agree that discovery on all of the above subjects is necessary and reserve all rights to object to the discovery sought by the plaintiff.

Disclosure or discovery of electronically stored information should be handled as follows:

> The parties agree that all relevant electronically stored information will be produced in tiff format with metadata. Relevant electronically stored information includes e-mails.

All fact discovery commenced in time to be completed by June 29, 2007.

All expert discovery commenced in time to be completed by July 27, 2007.

Maximum of 25 interrogatories by each party to any other party, provided that a party may seek leave to submit additional interrogatories, as necessary. Responses due 20 days after service.

Maximum of 50 requests for admission by each party to any other party, provided that a party may seek leave to submit additional requests for admission, as necessary. Responses due 20 days after service.

Maximum of 10 fact depositions by each party, provided that a party may seek leave to conduct additional depositions, as necessary.

Maximum of 5 expert depositions by each party, provided that a party may seek leave to conduct additional depositions, as necessary.

Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due:

> from plaintiff by July 6, 2007;
>
> from defendants by July 6, 2007.

Supplementations under Rule 26(e) due July 20, 2007.

NEWYORK 5915151 (2K)

4.  Other items

    The parties have agreed to a proposed confidentiality order, a copy of which is attached hereto.

    Responses to document requests due 20 days after service.

    The parties request a pretrial conference in September 2007.

    Plaintiff should be allowed until March 28, 2007 to join additional parties and until March 28, 2007 to amend the pleadings.

    Defendants should be allowed until March 28, 2007 to join additional parties and until March 28, 2007 to amend the pleadings.

    All potentially dispositive motions should be filed by August 24, 2007.

    Settlement is unlikely.

    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    from plaintiff by September 7, 2007;

    from defendants by September 7, 2007.

    Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    The case should be ready for trial by October 1, 2007 and at this time is expected to take approximately 3 days.

Date:  December 22, 2006

| /s Heather K. McDevitt | /s James W. Davis |
|---|---|
| VINCENT R. FITZPATRICK, JR. | TROY KING (KIN047) |
| HEATHER K. MCDEVITT | Attorney General |
| STEPHANIE COHEN | J. CLAYTON CRENSHAW (CRE007) |
| Bar Numbers (SDNY): | Assistant Attorney General |
| VF2907; HM9973; SM7006 | JAMES W. DAVIS (DAV103) |
| Counsel for Plaintiff | Assistant Attorney General |
| | Counsel for Defendants |
| White & Case LLP | Office of the Attorney General |
| 1155 Avenue of the Americas | 11 South Union Street |
| New York, NY  10036 | Montgomery, AL  36130 |
| Telephone: (212) 819-8200 | Telephone: (334) 242-7300 |
| Facsimile: (212) 354-8113 | Facsimile: (334) 353-8440 |
| vfitzpatrick@whitecase.com | ccrenshaw@ago.state.al.us |
| hmcdevitt@whitecase.com | jimdavis@ago.state.al.us |
| stephcohen@whitecase.com | |

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AARON LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-986-MHT |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Action, by and through their respective counsel, have agreed and stipulated to the entry of this Agreed Confidentiality Order, subject to the approval of the Court, as set forth below:

1. This Agreed Confidentiality Order between undersigned Plaintiff and Defendants covers the use of confidential material (as defined below) ("Confidential Material") of any kind produced in discovery by the parties to this litigation and by third parties (collectively, the "Producing Party").

2. All material ("Material") produced in this Action is deemed Confidential Material and may not be disclosed to persons other than those specified in paragraph 7, provided such Material is designated as Confidential Material by the party producing it in accordance with provisions of this Agreed Confidentiality Order.

3. The provisions of this Order extend to all Confidential Material regardless of the manner or form in which it is disclosed, including but not limited to documents, interrogatory responses, responses to requests for admissions, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits or other documents that reflect information contained in the foregoing materials.

4. The designation of Confidential Material for the purposes of this Agreed Confidentiality Order shall be made by plainly marking the Material, or where that is not

possible, by marking a container or tag, with the legend "CONFIDENTIAL." In the case of depositions or other pretrial testimony, the parties shall designate the Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to all counsel of record for the parties to this Action within fifteen (15) business days after receipt of the transcript of the deposition. All transcripts (including exhibits) shall be considered Confidential Material and shall be subject to this Agreed Confidentiality Order until expiration of such fifteen (15) day period. The court reporter shall be instructed to mark each designated page as "CONFIDENTIAL" and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such Confidential Material. Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information. The parties further agree that they can arrange for the review of potentially Confidential Material prior to designation without waiver of any claim to confidentiality. After such Material is reviewed, the Producing Party may designate copies of the Material requested Confidential as appropriate before providing copies to the receiving party ("Receiving Party").

5. The inadvertent or unintentional failure to designate specific Material as Confidential Material shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to such Material. In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Confidential Material within ten (10) days of the discovery by the Producing Party that such information should have been so designated and, effective upon receipt of written or oral notice thereof, shall be treated as Confidential by all parties as though such information had been so designated when originally provided, except to the extent that such information already has been disclosed to individuals who otherwise would not have been entitled to have access to the information. Those individuals shall be notified by the Receiving Party immediately, and thereafter, shall treat the Confidential Material as confidential pursuant to this Agreed Confidentiality Order. If the Producing Party decides to add a designation to any document previously produced without designation, or to delete the designation on any document previously produced, the Producing Party shall produce to the parties substitute copies of such documents bearing the desired designation within fifteen (15) days of re-designation.

The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the Producing Party the previously produced documents in their possession and all copies thereof.

6. Should any person inadvertently disclose Confidential Material to a court or to a person other than those persons described in paragraph 7, and should such inadvertent disclosure be material, counsel for the party responsible for the inadvertent disclosure shall immediately notify the Producing Party of the inadvertent disclosure, including the identification of all persons who inadvertently received the Confidential Material, take reasonable steps to insure the return of the Confidential Material and all copies thereof and advise such persons that such information and its use are governed by this Agreed Confidentiality Order. Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect its Confidential Material or seek redress for the inadvertent disclosure thereof.

7. Confidential Material may be shown only to: (a) counsel of record; (b) parties' experts, consultants and investigators; (c) up to 10 (ten) staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel and legal assistants; (d) actual or proposed witnesses with the exception of plaintiff; (e) the Court and court personnel; and (f) any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material. Each person (with the exception of those specified in (a), and (e)) who is permitted to see confidential documents must sign the form attached hereto as **Exhibit A** agreeing to be bound by the provisions of this Order. All signed acknowledgements must be maintained in the files of counsel disclosing such Confidential Material.

8. If any person receiving Confidential Material covered by this Agreed Confidentiality Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material which was produced or designated as Confidential Material by any Producing Party, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material until any dispute relating to the production of such Confidential Material is resolved.

9. In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such Confidential Material, in any pleading or

document filed with the Court in this litigation, such pleading or document and Confidential Material shall be filed under seal, until such time as the Court orders otherwise or denies permission to file under seal, and such Confidential Material, information or papers shall plainly state on the first page of any bound or stapled document "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

CONFIDENTIAL

> This envelope contains documents that are subject to a Agreed Confidentiality Order entered by the Court in this Action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

10. The parties agree to follow in an expeditious manner any additional procedures imposed by the Court as a prerequisite to filing any document under seal.

11. If a party believes that a document designated "Confidential Material" does not warrant such designation, the Receiving Party shall raise the matter with the Producing Party. The parties shall engage in a good faith effort to resolve the dispute. It is the contemplation of this Order that a document will be designated "Confidential Material" only when legitimately called for and that the parties will employ their utmost efforts to resolve disputes and avoid presenting the Court with disputes unless truly necessary.

12. Nothing in this Order shall prevent disclosure of any Confidential Material by the Producing Party to any employee or officer of the Producing Party or to any person no longer affiliated with the Producing Party, who either authored, in whole or in part, or received the Confidential Material prior to the initiation of this Action.

13. Within sixty (60) days of the termination of this Action, all Confidential Material supplied by any Producing Party, including all copies, extracts and summaries thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that contains Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Agreed Confidentiality Order.

14. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not: (a) confidential; (b) privileged; (c) relevant;

(d) material to any issue or otherwise discoverable; (e) authentic; or (f) admissible in evidence at trial.

15. The terms of this Agreed Confidentiality Order shall survive and remain in full force and effect through the course of and after the final termination of this Action. The Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material that is disclosed hereunder.

16. Each party may execute this Agreed Confidentiality Order separately by counterpart.

DONE this ___ day of _____, 20__.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

| /s Heather K. McDevitt | /s James W. Davis |
|---|---|
| VINCENT R. FITZPATRICK, JR.<br>HEATHER K. MCDEVITT<br>STEPHANIE COHEN<br>Bar Numbers (SDNY):<br>VF2907; HM9973; SM7006<br>Counsel for Plaintiff | TROY KING (KIN047)<br>Attorney General<br>J. CLAYTON CRENSHAW (CRE007)<br>Assistant Attorney General<br>JAMES W. DAVIS (DAV103)<br>Assistant Attorney General<br>Counsel for Defendants |
| White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY  10036<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>vfitzpatrick@whitecase.com<br>hmcdevitt@whitecase.com<br>stephcohen@whitecase.com | Office of the Attorney General<br>11 South Union Street<br>Montgomery, AL  36130<br>Telephone: (334) 242-7300<br>Facsimile: (334) 353-8440<br>ccrenshaw@ago.state.al.us<br>jimdavis@ago.state.al.us |

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AARON LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-986-MHT |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

## **EXHIBIT A**

I hereby certify my understanding that material designated "Confidential Material" is being provided to me pursuant to the terms and restrictions of the "Agreed Confidentiality Order." I have read and understand the terms of the Order and agree to be bound by it, and submit to the jurisdiction of the United States District Court for the Middle District of Alabama for the purposes of enforcement of the Order.

Date: _____     Signature:_____