IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

AARON LEE JONES,               )
                               )
      Plaintiff,               )
                               )        CIVIL ACTION NO.
      v.                       )          2:06cv986-MHT
                               )
RICHARD ALLEN, et al.,         )
                               )
      Defendants.              )

AMENDED AGREED CONFIDENTIALITY ORDER

The parties to this action, by and through their respective counsel, have agreed and stipulated to the entry of this Amended Agreed Confidentiality Order, subject to the approval of the court, as set forth below:

1.  This Amended Agreed Confidentiality Order ("Order") between undersigned plaintiff and defendants covers the use of confidential material (as defined below) ("Confidential Material") of any kind produced in discovery by the parties to this litigation and by third parties (collectively, the "Producing Party").

2.    All material ("Material") produced in this action
is deemed Confidential Material and may not be disclosed
to persons other than those specified in paragraph 7,
provided such Material is designated as Confidential
Material by the party producing it in accordance with
provisions of this Order.

3.    The provisions of this Order extend to all
Confidential Material regardless of the manner or form in
which it is disclosed, including but not limited to
documents, interrogatory responses, responses to requests
for admissions, deposition transcripts, deposition
exhibits, testimony and any other materials produced by
a party in response to or in connection with any
discovery conducted in this litigation, and to any
copies, notes, abstracts, summaries, analyses,
demonstrative exhibits or other documents that reflect
information contained in the foregoing materials.

4.    The designation of Confidential Material for the
purposes of this Order shall be made by plainly marking

the Material, or where that is not possible, by marking
a container or tag, with the legend "CONFIDENTIAL."   In
the case of depositions or other pretrial testimony, the
parties shall designate the Confidential Material:  (i)
by a statement on the record by counsel for the Producing
Party at the time of such disclosure; or (ii) by written
notice, sent by counsel for the Producing Party to all
counsel of record for the parties to this action within
15 business days after receipt of the transcript of the
deposition.  All transcripts (including exhibits) shall
be considered Confidential Material and shall be subject
to this Order until expiration of such 15- day period.
The court reporter shall be instructed to mark each
designated page as "CONFIDENTIAL" and the cover page of
any transcript containing Confidential Material shall
indicate that the transcript contains such Confidential
Material.  Whenever any Confidential Material is to be
discussed or disclosed in a deposition, the Producing
Party may exclude from the room any person who is not

entitled to receive such information. The parties further agree that they can arrange for the review of potentially Confidential Material prior to designation without waiver of any claim to confidentiality. After such Material is reviewed, the Producing Party may designate copies of the Material requested Confidential as appropriate before providing copies to the receiving party ("Receiving Party").

5. The inadvertent or unintentional failure to designate specific Material as Confidential Material shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to such Material. In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Confidential Material within ten days of the discovery by the Producing Party that such information should have been so designated and, effective upon receipt of written or oral notice thereof,

4

shall be treated as Confidential by all parties as though such information had been so designated when originally provided, except to the extent that such information already has been disclosed to individuals who otherwise would not have been entitled to have access to the information.  Those individuals shall be notified by the Receiving Party immediately, and thereafter, shall treat the Confidential Material as confidential pursuant to this Order.  If the Producing Party decides to add a designation to any document previously produced without designation, or to delete the designation on any document previously produced, the Producing Party shall produce to the parties substitute copies of such documents bearing the desired designation within 15 days of re-designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the Producing Party the

previously produced documents in their possession and all copies thereof.

6. Should any person inadvertently disclose Confidential Material to a court or to a person other than those persons described in paragraph 7, and should such inadvertent disclosure be material, counsel for the party responsible for the inadvertent disclosure shall immediately notify the Producing Party of the inadvertent disclosure, including the identification of all persons who inadvertently received the Confidential Material, take reasonable steps to insure the return of the Confidential Material and all copies thereof and advise such persons that such information and its use are governed by this Order. Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect its Confidential Material or seek redress for the inadvertent disclosure thereof.

7.    Confidential Material may be shown only to:  (a) counsel of record; (b) parties' experts, consultants and investigators; (c) up to ten staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel and legal assistants; (d) actual or proposed witnesses with the exception of plaintiff; (e) the court and court personnel; and (f) any other person who the Producing Party agrees in writing, or who the court directs, may have access to the Confidential Material.  Each person (with the exception of those specified in (a), and (e)) who is permitted to see confidential documents must sign the form attached hereto as Exhibit A agreeing to be bound by the provisions of this Order.  All signed acknowledgements must be maintained in the files of counsel disclosing such Confidential Material.

8.    If any person receiving Confidential Material covered by this Order is subpoenaed in another action or proceeding or served with a document demand, and such

subpoena or document demand seeks Confidential Material which was produced or designated as Confidential Material by any Producing Party, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material until any dispute relating to the production of such Confidential Material is resolved.

9.   In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such Confidential Material, in any pleading or document filed with the court in this litigation, such pleading or document and Confidential Material shall be filed under seal, until such time as the court orders otherwise or denies permission to file under seal.

10. To expedite the filing of sealed documents with the court in this litigation, and in light of the 'e-file' system's inability to directly accept sealed

documents, parties may file sealed documents in this case via e-mail.  In the event a party wishes to do so, such pleading or document containing Confidential Material shall be sent via e-mail to EFile_Transcript @almd.uscourts.gov.  Any party utilizing this method shall include the case number, case name and the words "Confidential -- Filed Under Seal" in the subject line of the e-mail.  Such party shall electronically 'attach' to this e-mail any document(s) it wishes to file, in Adobe Acrobat pdf file type and formatted as if such document was directly e-filed.  Such party shall also include with any such e-mail a proper electronic signature (i.e. /s/ John Doe) and appropriate certificate of service.  Such party may also 'serve' this document on other parties to this action by carbon copying them on any such e-mail. After a party sends any such e-mail to the e-mail address provided, the party shall notify the court of such action by calling (334) 954-3600.  The caller shall ask for Charlene Campbell, and if Ms. Campbell is not available

(and in lieu of leaving a message on Ms. Campbell's voicemail), shall ask for Debbie Yates, and then Yvonne Goodloe. Any party utilizing this method shall send any such e-mail and call the court by 3:30 p.m. Central Time in order for any attached document to be considered filed on that day. Should a party require more time, it shall notify the court by calling the above number as soon as it learns of such requirement. It is within the court's discretion to determine whether any document filed by this method after 3:30 p.m. Central Time will be considered filed on that day. The clerks of the court will forward to the judges any documents filed by this method, and will docket any attached documents as sealed documents. A brief and basic entry will subsequently appear on the public record, but the documents will be sealed from viewing. Any party utilizing this method will receive a notice of electronic filing indicating that the document was filed, but will be unable to access the document. The notice of electronic filing will serve

as a party's receipt and 'proof' of electronic filing. Any party utilizing this method shall not send the clerk's office a follow-up paper document.

11. The parties agree to follow in an expeditious manner any additional procedures imposed by the court as a prerequisite to filing any document under seal.

12. If a party believes that a document designated "Confidential Material" does not warrant such designation, the Receiving Party shall raise the matter with the Producing Party.  The parties shall engage in a good-faith effort to resolve the dispute.  It is the contemplation of this Order that a document will be designated "Confidential Material" only when legitimately called for and that the parties will employ their utmost efforts to resolve disputes and avoid presenting the court with disputes unless truly necessary.

13. Nothing in this Order shall prevent disclosure of any Confidential Material by the Producing Party to any employee or officer of the Producing Party or to any

11

person no longer affiliated with the Producing Party, who either authored, in whole or in part, or received the Confidential Material prior to the initiation of this action.

14. Within 60 days of the termination of this action, all Confidential Material supplied by any Producing Party, including all copies, extracts and summaries thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that contains Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

15. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any issue or otherwise

discoverable; (e) authentic; or (f) admissible in evidence at trial.

16. The terms of this Order shall survive and remain in full force and effect through the course of and after the final termination of this action.  The court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material that is disclosed hereunder.

17. Each party may execute this Order separately by counterpart.

DONE, this the 20th day of March, 2007.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

/s/ Heather K. McDevitt_____

VINCENT R. FITZPATRICK, JR.
HEATHER K. McDEVITT
STEPHANIE COHEN
Bar Numbers (SDNY): VF2907; HM9973; SM7006
Counsel for Plaintiff

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone: (212) 819-8200

Facsimile: (212) 354-8113
vfitzpatrick@whitecase.com
hmcdevitt@whitecase.com
stephcohen@whitecase.com


/s/ James W. Davis

TROY KING (KIN047)
Attorney General
J. CLAYTON CRENSHAW (CRE007)
Assistant Attorney General
JAMES W. DAVIS (DAV103)
Assistant Attorney General
Counsel for Defendants

Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8440
ccrenshaw@ago.state.al.us
jimdavis@ago.state.al.us

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


AARON LEE JONES,              )
                              )
      Plaintiff,              )
                              )       CIVIL ACTION NO.
      v.                      )        2:06cv986-MHT
                              )
RICHARD ALLEN, et al.,        )
                              )
      Defendants.             )


## EXHIBIT A

I hereby certify my understanding that material designated "Confidential Material" is being provided to me pursuant to the terms and restrictions of the "Agreed Confidentiality Order."  I have read and understand the terms of the Order and agree to be bound by it, and submit to the jurisdiction of the United States District Court for the Middle District of Alabama for the purposes of enforcement of the Order.


Date: _____     Signature:_____