IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON LEE JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-986-MHT-TFM |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS'S OBJECTION TO MOTION TO ALTER OR AMEND JUDGMENT**

The plaintiff, approximately 48 hours after this Court entered its judgment denying the motion for stay of execution, filed a motion to alter or amend. Although the plaintiff's motion is for the most part repetitive of arguments previously made, the defendants offer the following response.

As an initial matter, this Court's opinion is consistent with holdings of the Supreme Court and the Eleventh Circuit regarding lethal-injection challenges filed with unreasonable delay. A stay of execution is "an equitable remedy" and "is not available as a matter of right." Hill v. McDonough, 126 S.Ct. 2106, 2104 (2006). As such, "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue

interference from the federal courts." Id.  Thus, "[a] Court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such time as to allow consideration of the merits without requiring entry of a stay.'" Id. (quoting Nelson v. Campbell, 541 U.S. 637, 650 (2004).  In applying these holdings, the Eleventh Circuit has denied requests for a stay of execution when the inmate could have brought the claim in plenty of time to permit full consideration of it without any need to stay the execution order.  Hill v. McDonough, 464 F.3d 1256, 1258-59(11th Cir. 2006); Rutherford v. McDonough, 466 F.3d 970, 973-74 (11th Cir. 2006); Diaz v. McDonough, 472 F.3d 849, 850-51 (11th Cir. 2006).

That was the exact situation that this Court was faced with here.  Hence, this Court ruled that "Jones could have brought this action 'at such time as to allow consideration of the merits without requiring entry of a stay." Doc. 86 at 35 (quoting Hill, 126 S.Ct. at 2104).  This Court also correctly found that the unreasonable delay in filing was compounded by Jones's failure to seek an expedited schedule after he filed his lawsuit.  Doc. 86 at 39-40.  As this

2

Court aptly found: "If Jones had been truly interested in litigating the issues of his claim and not merely delaying his execution, he should have asked the court to expedite matters in December so he might have had a better opportunity to litigate his case without the need for a stay of execution." Doc. 86 at 39. In fact, Jones's dilatory conduct is yet again on display by waiting approximately 48 hours to file a motion to alter or amend the judgment rather than immediately filing a notice of appeal. See Hill, 464 F.3d at 1259 ("By moving for reconsideration, Hill only further delayed this court's receipt of his case on appeal, bringing us within days of his scheduled execution before he filed the instant motion for a stay and expedited appeal."). Thus, Jones filed his lawsuit with unreasonable delay, he did not seek to expedite his lawsuit after it was filed, and he seeks further delay even after this Court denied his motion for stay.

Jones's contention that it is "manifestly unjust" to require him to litigate a § 1983 action at the same time he is challenging his conviction and sentence in federal court

is easily rejected.[1]  Because a § 1983 lawsuit and federal habeas corpus petition are mutually exclusive causes of action, there is no impediment to filing a § 1983 action while state or federal appeals are actively being pursued. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. Oct. 24, 2006).  That is, issues that are not cognizable in habeas corpus are cognizable under § 1983.

Furthermore, Jones contention here ignores that "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence." Hill, 126 S.Ct. at 2104.  In other words, after a death-row inmate has exhausted his appeals and his sentence has been duly adjudicated, it is then the appropriate time for the State to be able to carry out that judgment.  Thus, the State of Alabama here moved the Alabama Supreme Court to set Jones's execution date as soon as possible after the conclusion of Jones's federal habeas appeals, when the automatic-stay provisions under Rule 8 of the Alabama Rules

---

[1] Jones's contention is directly contradicted by his actions in this case: he filed a lethal-injection challenge during the pendency of habeas review in the Supreme Court.

4

of Appellate Procedure no longer applied to Jones.[2]  See Ala. R. App. P. 8(d) (Stays in Criminal Cases").

In making his "manifestly unjust" argument, Jones mischaracterizes a recent Eleventh Circuit decision.  That decision denied a class action brought on behalf of death-row inmates alleging that Alabama's failure to provide them with legal assistance before filing their state post-conviction challenge impacted their access to courts.  See Barbour v. Haley, 471 F.3d 1222 (11th Cir. Dec. 8, 2006).  The Barbour Court held that death-sentenced inmates have no federal constitutional right to counsel for the preparation and presentation of claims for post-conviction relief, as part of the right of access to courts.  Id. at 1227-1230.  The Barbour Court also concluded that death-sentenced inmates have no Sixth or Eighth Amendment right to post-conviction counsel.  Id. at 1230-32.  Thus, Jones's attempt to artfully select dicta from that case in an effort to support his "manifestly unjust" is not persuasive.

Furthermore, the argument of resource constraints, see Doc. 90 at 3-4, needs to be made by someone other than

---

[2] Jones's argument that the State displayed bad faith in moving for an execution date in this case is absurd and offensive, and deserves no further response.

Jones. Jones has been represented by the law firm of White & Case since filing his state post-conviction challenge. Legal Week recently released its fourth annual list of the Top 50 United States law firms, as ranked by revenue. The law firm of White & Case is ranked seventh on the list of the most profitable law firms in this country. See http://online.wsj.com/public/resouces/documents/legalweek/pdf (last visited April 20, 2007). The point here is that Jones has the resources to litigate a lethal-injection challenge with diligence, even if that requires him to file during the pendency of his habeas challenge.

Contrary to Jones's contention, see Doc. 90 at 5-6, this Court was absolutely correct in juxtaposing Jones's delay in filing his lethal-injection challenge with the amount of time that this case has taken to wind its way through the long state and federal appeals process. The Court's assessment is consistent with the State's interest in seeing Jones held accountable for his heinous crimes committed so many years ago. See Hill, 126 S.Ct. at 2104 (holding that the "State and the victims of crime have an important interest in the timely enforcement of a sentence.")(emphasis added). Jones misunderstands these

points when he contends that this Court was blaming him for that procedural history.  Whatever reasons exist for there being a span of almost 30 years between crime and punishment, the span is appropriately considered when the Court balances the equities and considers the interests of the State and of victims of crime in the enforcement of criminal judgments.   This Court's comments were also consistent with the Eleventh Circuit's recent quotation of an opinion authored by Judge Godbold: "each delay, for its span, is a commutation of a death sentence to one of imprisonment."   Rutherford, 466 F.3d at 978 (quoting Thompson v. Wainwright, 714 F.2d 1495, 1506 (11th Cir. 1983)).  This Court, in denying Jones's stay request because of his unreasonable delay, appropriately recognized the State's interest in timely carrying out its duly-adjudicated judgment.

Jones's contention that he was diligent in his filing of the lethal-injection challenge is baseless.  This case lines up with Hill, Rutherford, and Diaz because Jones "could have brought the claim in plenty of time to permit full consideration of it without any need to stay the execution order that was finally entered in this case."

7

Rutherford, 466 F.3d at 974. Thus, the issue is whether Jones could and should have brought this challenge so that it could have been considered without the need for a stay of execution. This Court held that it could have been filed in such time, a ruling consistent with Hill, Rutherford, and Diaz.

The defendants next turn to Jones's contention that this Court inappropriately ignored one of the requirements for a preliminary injunction: the likelihood of success on the merits. Doc. 90 at 8-10. The Court appropriately looked first to whether Jones is entitled to a stay under the balance-of-the equities formulation. There is no need to consider the likelihood of success on the merits if the Court determines that the lethal-injection challenge was filed with unreasonable delay. In fact, the Eleventh Circuit has said as much in recent cases involving method-of-execution challenges. In all of those cases, the Eleventh Circuit looked exclusively at the question whether the death-row inmate unreasonable delayed in filing his method-of-execution challenge and it did not pay any attention to arguments offered in support of the likelihood-of-success-on-the-merits requirement. Diaz, 472

F.3d at 851; Rutherford, 466 F.3d at 974-77; Hill, 464 F.3d at 1258-59.

For example, in Rutherford and Hill, the petitioners, in seeking stays, offered affidavits from expert witnesses in an effort to demonstrate a likelihood of success on the merits on their claim that lethal injection is cruel and unusual punishment. See Rutherford, 467 F.3d at 1299 (denying the rehearing petition); Hill v. McDonough, 2006 WL 2556938, *1 (N.D. Fla. 2006)(Slip Copy). Despite these evidentiary presentations, Rutherford and Hill denied the requests for stays of execution because the condemned inmates unreasonably delayed in filing their method-of-execution challenge. Rutherford, 466 F3d at 973; Hill, 464 F.3d at 1258-59. Indeed, the dissenting opinion in Rutherford objected that the majority had not discussed the four stay requirements and had instead focused exclusively on whether "Rutherford's suit was dilatory." Rutherford, 466 F.3d at 979 (Wilson, J., dissenting opinion). The majority, however, saw things differently. Rutherford and Hill emphasize that the first and mandatory element to consider in determining the balance of the equities is whether Jones unreasonably delayed in filing his lawsuit.

9

<u>See</u> <u>also</u> <u>Harris v. Johnson</u>, 376 F.3d 414, 417-20 (5th Cir. 2004)(ruling that the condemned inmate could not meet the requirements for a stay because he unreasonably delayed in filing his method-of-execution lawsuit without considering expert witness testimony offered to support the requirement of likelihood of success on the merits).

Thus, the determination by this Court that the balance of the equities tips against Jones is fatal to his request for a stay of execution. There is no need to engage in further analysis that does not impact the determination that Jones inequitably filed with unreasonable delay. Furthermore, the exigencies of the situation and the demands of time also impact this Court's ability to address every single argument raised by Jones.

Finally, Jones contends that this Court ignored the standard of "evolving standards of decency" that is applicable to Eighth Amendment challenges. To repeat, this Court, consistent with Supreme Court and Eleventh Circuit precedent, examined whether Jones filed with unreasonable delay which is the first and mandatory element to consider in the balance-of-the-equities analysis. In any event, Jones has not cited to any authority that indicates

"evolving standards of decency" are shifting against the "three-drug" cocktail. First, there is only a decision from one federal judge that appears to have reservations about the three-drug cocktail. See Morales v. Tilton, 465 F.Supp.2d 972, 981 (N.D. Cal. 2006). Second, Jones has not cited to any authority that establishes a State has moved away from this particular protocol because of concerns those three drugs cause pain and suffering. Finally, statistics show since 2002, the number of executions by lethal injection has remained relatively static. See Death Row U.S.A., Winter 2007, NAACP Legal Defense and Education Fund. That publication states that 71 persons were executed in 2002, 65 in 2003, 59 in 2004, 60 in 2005, and 53 in 2006. Those numbers do not establish any kind of indication that "evolving standards of decency" are turning against lethal injection. In conclusion, this argument should be denied.[3]

---

[3] Jones's contention that it was error for this Court to label its judgment as "final" is much ado about nothing. Jones can appeal this Court's ruling pursuant to 28 U.S.C. § 1292(a). And, if the Eleventh Circuit or the Supreme Court vacates this Court's ruling, then Jones can litigate the merits of his § 1983 challenge upon remand.

Wherefore, for the foregoing reasons, the motion to alter or amend should be denied.

        Respectfully submitted,

        **TROY KING (KIN047)**
        **ATTORNEY GENERAL**
        **BY:**


        **s/ J. Clayton Crenshaw**
        J. Clayton Crenshaw  (CRE007)
        Assistant Attorney General

        **s/ James W. Davis**
        James W. Davis  (DAV103)
        Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
       jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 20th day of April, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

>     Stephanie L. Cohen, Esq.
>     Vincent R. Fitzpatrick, Jr., Esq.
>     Heather K. McDevitt, Esq.
>     White & Case LLP
>     1155 Avenue of the Americas
>     New York, NY 10036

>                 OF COUNSEL
>
>                 **S/ J. Clayton Crenshaw**
>                 J. Clayton Crenshaw  (CRE007)
>                 Assistant Attorney General
>                 office of the Attorney General
>                 11 South Union Street
>                 Montgomery, AL 36130
>                 (334) 242-7300
>                 (334) 353-8440 Fax
>                 Email: ccrenshaw@ago.state.al.us