IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
AARON LEE JONES,                )
                                )
     Plaintiff,                 )
                                )    CIVIL ACTION NO.
     v.                         )     2:06cv986-MHT
                                )         (WO)
RICHARD ALLEN,                  )
Commissioner, Alabama           )
Department of Corrections,      )
in his individual and           )
official capacities, and        )
GRANTT CULLIVER, Warden,        )
Holman Correctional             )
Facility, in his individual     )
and official capacities,        )
                                )
     Defendants.                )
```

ORDER

On April 17, 2007, this court entered an opinion and judgment denying plaintiff Aaron Lee Jones's motion for a stay of execution. It is ORDERED that plaintiff Jones's motion to alter or amend that judgment (doc. no. 90) is granted to the extent that the following __clarification__ is made and is denied in all other respects with the following __additional comments__.

CLARIFICATION:  The court entered a judgment in this case only because its denial of Jones's motion for a stay of execution is an appealable order.  This case is not in any sense closed.  Indeed, if Jones is not executed as scheduled, either because a federal or state court enters a stay of execution or for some other reason, the instant § 1983 litigation will proceed as scheduled.

ADDITIONAL COMMENTS:  Jones argues that this court's order denying his motion to stay "cannot be reconciled with the realities of litigation on behalf of death-sentenced inmates in Alabama" because it "erroneously assumes that pro bono counsel have unending resources and willingness to mount simultaneous challenges" under 28 U.S.C. § 2254 and 42 U.S.C. § 1983.  Pl. Mot. at 3-4.  While the court is most sympathetic to the difficulties involved in pro bono death-penalty litigation, it cannot ignore the clear standard set by the United States Supreme Court: the "strong equitable presumption against the grant of a stay where a claim could have been brought

at such time to allow consideration of the merits without requiring entry of a stay." Hill v. McDonough, 547 U.S. ___, ___, 126 S. Ct. 2096, 2104 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 650 (2004)). Pro bono counsel's limited time and resources notwithstanding, and as the court explained in its April 17 opinion, Jones's method-of-execution challenge "could have been brought at such time to allow consideration of the merits without requiring entry of a stay." Jones, instead, by waiting until after his habeas case had been completed in the federal district court and on appeal to the Eleventh Circuit Court of Appeals before bringing his challenge, risked that the State of Alabama would, in due course, set his execution date during the pendency of his challenge. The "strong equitable presumption" therefore applies, and the equities do not favor a stay.

    DONE, this the 20th day of April, 2007.

                                    /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE